NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| PAUL W. BERGRIN | Crim. No. 09-369 (DMC) |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for reconsideration of this Court's Opinion and Order filed on July 23, 2013 ("July 23 Opinion") by *pro se* Defendant Paul Bergrin ("Bergrin" or "Defendant"). (Def.'s Mot. for Reconsideration, Aug. 8, 2013, ECF No. 569). After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Bergrin's motion for reconsideration is **denied**.

## I. BACKGROUND[1]

The facts in this matter are well-known to the parties and will not be recited in length herein. On March 18, 2013, the jury in this matter returned a unanimous verdict of guilty on all counts against Bergrin contained in the Second Superseding Indictment. Subsequently, Bergrin filed an omnibus post-trial motion requesting that this Court: (1) vacate the verdict and enter a judgment of acquittal as to Counts Twelve, Thirteen, One (Racketeering Act Four), and Three of the Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 29(c); (2) vacate the verdict and enter a judgment of acquittal as to Counts Twenty-Six and One

---

[1] The facts in this matter are lengthy and well-known to the parties. Contained herein is a brief synopsis of the procedural background taken from the parties' respective submissions.

1

(Racketeering Act Eight) pursuant to Rule 29(c); (3) grant a new trial on all counts pursuant to Federal Rule of Criminal Procedure 33; and (4) interview the members of the jury, pursuant to Federal Rule of Evidence 606(b) and Local Criminal Rule 24.1(g) regarding whether any or all of the jurors were exposed to extraneous prejudicial information or outside influence prior to the delivery of the verdict. (Def. Post-Trial Mot. Br., May 16, 2013, ECF No. 555-1). This Court denied Bergrin's post-trial motion. (Opinion and Order, July 23, 2013, ECF Nos. 565, 566). Bergrin then filed this motion for reconsideration. (Def.'s Mot. for Reconsideration ("Def.'s Mot. Br."), Aug. 8, 2013, ECF No. 569).

## II. LEGAL STANDARD

Motions for reconsideration in this District are governed by Local Criminal Rule 1.1 which provides that Local Civil Rule 7.1(i) "is applicable to criminal cases tried in the District of New Jersey." L. Crim. R. 1.1; see United States v. Vargas, Mag No. 13-2044, 2013 WL 3223419, at * 3 (D.N.J. June 25, 2013); United States v. Curry, Crim. No. 04–280, 2006 WL 1320083, at *1 (D.N.J. May 12, 2006); see generally United States v. Abdullahu, Mag. No. 07–2050, 2007 WL 181610 (D.N.J. June 21, 2007). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). A motion pursuant to Local Rule 7.1(i) may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted

"very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through — rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

### III. DISCUSSION

Bergrin argues that: (1) the Government sponsored false testimony from Anthony Young and mislead the Court; (2) this Court should recuse itself because an objective observer could reasonably question this Court's impartiality; (3) the Government purposely delayed indicting Bergrin to gain an unfair tactical advantage; and (4) the Government impermissibly intercepted Bergrin's jailhouse communications. (Def.'s Mot. Br.1-10).

#### A. Bergrin's Request for Recusal

Bergrin asserts that certain of this Court's personal and professional relationships would cause a reasonable person to conclude that this Court's impartiality might reasonably be questioned. (Def.'s Mot. Br. 4). The Government contends that recusal is not proper and, even assuming the nature of the relationships were to be as Bergrin characterizes them, they do not impact the Court's ability to remain impartial. (Gov't Opp'n Br. 1).

A determination regarding recusal is within the sound discretion of the trial court judge.

United States v. Wilensky, 757 F.2d 594, 599–600 (3d Cir.1985). The circumstances in which a judge should recuse himself are set forth in two federal statutes. Section 455(a) of Title 28 of the United States Code provides, in pertinent part, that: "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 Fed. Appx. 189, 193 (3d Cir. 2007) (In re Kensington, 353 F.3d 211, 220 (3d Cir. 2003)).

Motions for recusal are also governed by 28 U.S.C. § 144. Recusal must occur under 28 U.S.C. § 144 "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Frolow v. Wilson Sporting Goods Co., Civ. No. 05-04813, 2011 WL 1337513, at *2 (D.N.J. Apr.7, 2011) (citation omitted). "In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature." Id. (citing United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973)).

Preliminarily, Bergrin's request for recusal is not timely. A motion for recusal is untimely if a party is aware of the grounds supporting removal yet fails to act until the judge issues an adverse ruling. In re Kensington Int'l Ltd., 368 F.3d 289, 314-15 (3d Cir. 2004). Bergrin

initiated the instant request for recusal subsequent to both an adverse jury verdict and an adverse decision on his post-trial motions. Although Bergrin asserts that the alleged relationships underlying his recusal motion "apparently were public knowledge[,]" he claims he was not aware of them until after trial. (Def.'s Mot. Br. 5). However, Bergrin's submission of a certification by private investigator Louis Stevens in support of pretrial motions nearly a year ago belies that assertion, as the certification contained information suggesting knowledge of attorney Richard Roberts' background and associations with various members of this District's legal community and Roberts' previous representation of individuals connected to this matter.

Substantively, Bergrin presents no persuasive grounds for recusal under 28 U.S.C. § 455(a). At the heart of the recusal request is Bergrin's contention that this Court has a close personal relationship with four named attorneys, including Mr. Roberts. The disqualifying circumstances on which the motion is based, however, do not exist. Bergrin alleges that connections through law school attendance and employment in close proximity with Mr. Roberts while he was employed in the Essex County Prosecutor's Office create a public perception of an appearance of impropriety and partiality by this Court. (Def.'s Mot. Br. 4-5). This Court, acting in conformity with the principle that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is," finds that recusal is not required or appropriate. See In re Literary Works in Electronic Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir.2007) (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir.1988)). Claims made by Bergrin regarding personal relationships with the four named attorneys are inaccurate. Bergrin draws the unsupported conclusion that close personal relationships exist between this Court and the four named attorneys based on innocuous, and somewhat inevitable, professional

contacts borne from law school attendance and the trying of cases in this District. This Court has no relationship with any of the individuals mentioned that would have any bearing on rulings in this matter nor would create any degree of personal bias so to justify recusal. Moreover, none of the four attorneys named in Bergrin's motion "appear[ed] as a lawyer" in this case. See United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985). The four named attorneys represented cooperating witnesses, not parties, and only one of those cooperating witnesses testified at trial. (See Gov't Opp'n Br. 5). No reasonable person, fully informed of the relevant facts, would question this Court's ability to remain impartial given the purely speculative allegations of misconduct alleged against the named attorneys.

There is likewise no basis to grant Bergrin's motion under 28 U.S.C. § 144. Bergrin has not stated the basis for his motion with particularity; no reasonable person would conclude that the Court acted with any bias; and there is no evidence of a personal prejudice on the part of the Court.

### B. Reconsideration of this Court's Denial of Motion for Judgment of Acquittal as to Counts Twelve and Thirteen

Bergrin argues the content of recordings and wiretap intercepts were ignored and distorted by the Government and a manifest justice would result if the Court did not reconsider its ruling denying motion for judgment of acquittal as to Counts Twelve and Thirteen of the Second Superseding Indictment under which Bergrin was charged. (Def.'s Mot. Br. 2). Bergrin asserts the recorded conversations, had they been utilized, would present a stark contrast to the Government's theory of the case, namely that Kemo McCray ("McCray") was murdered because Bergrin informed the Curry organization that William Baskerville was facing a life sentence in his impending narcotics trial if McCray were to testify against him. (Def.'s Mot. Br. 2). Bergrin asserts that the recordings make clear: (1) that the Government knew or should have known that

Young perjured himself in his testimony regarding Bergrin's involvement in the events leading up to McCray's murder; and (2) that the members of the Curry Organization were aware that the evidence against William Baskerville was substantial even without McCray's testimony, and that Baskerville was facing between twelve or thirteen years of imprisonment as opposed to a life sentence. (Def.'s Mot. Br. 2-3). In opposition, the Government asserts that this claim of prosecutorial misconduct in regards to the testimony of Anthony Young at trial is both untimely and meritless, in that the content of the calls do not demonstrate that Young lied. (Gov't Opp'n Br. 7, Aug. 16, 2013, ECF No. 570).

Bergrin's motion does not satisfy any of the criteria in Rule 7.1(i). Bergrin asserts that reconsideration is necessary to prevent a manifest injustice as he asserts the tapes present proof of his own innocence in orchestrating the McCray murder. (Def.'s Mot. Br. 3). The Government asserts that, contrary to Bergrin's assertions, there was no evidence conclusively corroborating or disproving Young's testimony about the Avon Avenue meeting, and thus it was the jury's task to determine Young's credibility based on evidence presented that corroborated other portions of Young's lengthy testimony. (Gov't Opp'n Br. 10). This Court agrees. This Court recognized that a rational jury could have found that Young's testimony was credible and could have rejected Bergrin's claim that he was untruthful. (Opinion 6-8, n. 3, Aug. 23, 2013, ECF No. 565). This Court does not agree with Bergrin's contention the Government knew or should have known that Young testified falsely and disagrees with Bergin's contention that a manifest injustice would be result if this Court were not to reconsider its denial of motion for judgment of acquittal. Further, Bergrin has cited no change in the applicable controlling law, nor demonstrated this Court committed a clear error of law. Bergrin requests simply that this Court reconsider an issue on

which it has already ruled – Local Rule 7.1 does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Therefore, Bergrin's request that this Court reconsider its denial of Bergrin's motion for judgment of acquittal as to Counts Twelve and Thirteen is **denied.**

C.  **Bergrin's Additional Claims**

Bergrin makes two additional arguments. Firstly, Bergin argues that the Government intentionally delayed bringing the indictment in this matter in an effort to achieve a tactical advantage and prejudice Bergrin's defense. (Def.'s Mot. Br. 6). Secondly, Bergrin asserts that the Government's monitoring of his communications while in prison without a court order were improper and prejudicial. (Def.'s Mot. Br. 6).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. International Fidelity Insurance Co., 561 F. Supp. 656, 665 (N.D. Ill.1983)). It is not appropriate for a party to submit evidence that is not newly discovered in support of a motion for reconsideration. Id. (citing DeLong Corp. v. Raymond International Inc., 622 F.2d 1135, 1139–40 (3d Cir.1980)).

As it pertains to both the timing of the indictment and the use of Bergrin's prison communications at trial, neither were the subject of Bergrin's post-trial motions, the decision on which is now before this Court for reconsideration. Therefore, they are not appropriate for consideration in the instant motion. Furthermore, the deadline for the filing of pre-trail motions pursuant to Federal Rule of Criminal Procedure 33(b)(2) has expired. Similarly, Bergrin's post-trial motion did not challenge the Government's review and use of the content of Bergrin's

8

emails over the prison mailing system to cross-examine defense witness Ana DeStefano. No excusable neglect for bringing these motions previously have been demonstrated, and thus their consideration in the first instance is not warranted as a motion for reconsideration of this Court's July 23 Opinion.

IV. CONCLUSION

For the foregoing reasons, Bergrin's motion for reconsideration is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date: August 22, 2013
Original: Clerk's Office
cc: All Counsel of Record
File